UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

SEP 18 2025 PM3:18
FILED - USDC - FLMD - TPA

v.

CASE NO. 8:25-cr-457-JSM-TGW

ANDRES CORREA and
CASSANDRA KERR

18 U.S.C. § 1951
(Conspiracy to Commit Hobbs Act Robbery, Hobbs Act Robbery)
18 U.S.C. § 924(c)
(Brandishing a Firearm During a Crime of Violence)
18 U.S.C. § 922(g)
(Felon in Possession of a Firearm)

# INDICTMENT

The Grand Jury charges:

## COUNT ONE
**(Conspiracy to Commit Hobbs Act Robbery)**

Beginning on an unknown date, but not later than on or about July 28, 2025, through on August 19, 2025, in the Middle District of Florida, the defendants,

ANDRES CORREA
and
CASSANDRA KERR,

did knowingly conspire and agree with each other, in any way and degree, to obstruct, delay, and affect commerce as that term is defined in 18 U.S.C. § 1951(b)(3), and the movement of any article and commodity in such commerce, by robbery, as that term is defined in 18 U.S.C. § 1951(b)(1), that is, by knowingly and unlawfully conspiring to take and obtain personal property consisting of United States currency, from the person and in the presence of another, that is, employees of

the Shell gas station located at 6901 Hillsborough Avenue, Tampa, Florida, the Stop and Save Food Mart located at 4801 Clewis Avenue, Tampa, Florida, and the Cloud House Smoke Shop located at 1214 W. Dr. Martin Luther King Blvd in Seffner, Florida, against the employees' will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employees' person and to the person of anyone in the employee's company at the time of the taking and obtaining,

In violation of 18 U.S.C. § 1951(a).

**COUNT TWO**
**(Hobbs Act Robbery)**

On or about July 28, 2025, in the Middle District of Florida, the defendants,

ANDRES CORREA
and
CASSANDRA KERR,

did knowingly, in any way and degree, obstruct, delay, and affect commerce as that term is defined in 18 U.S.C. § 1951(b)(3), and the movement of any article and commodity in such commerce, by robbery, as that term is defined in 18 U.S.C. § 1951(b)(1), that is, by knowingly and unlawfully taking and obtaining personal property consisting of United States currency from the person and in the presence of another, that is, an employee of the Number One Fast Food at 5425 Sheldon Road, Tampa, Florida against the employee's will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employee's person and to the person of anyone in the employee's company at the time of the taking and

obtaining.

In violation of 18 U.S.C. § 1951(a) and (b) and 18 U.S.C. § 2.

**COUNT THREE**
**(Brandishing a Firearm During a Crime of Violence)**

On or about July 28, 2025, in the Middle District of Florida, the defendants,

ANDRES CORREA
and
CASSANDRA KERR,

did knowingly use and carry and brandish a firearm during and in relation to a crime of violence for which the defendants may be prosecuted in a Court of the United States, specifically, interference with commerce by robbery in violation of 18 U.S.C. § 1951, as alleged in Count Two above.

In violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 18 U.S.C. § 2.

**COUNT FOUR**
**(Hobbs Act Robbery)**

On or about August 5, 2025, in the Middle District of Florida, the defendants,

ANDRES CORREA
and
CASSANDRA KERR,

did knowingly, in any way and degree, obstruct, delay, and affect commerce as that term is defined in 18 U.S.C. § 1951(b)(3), and the movement of any article and commodity in such commerce, by robbery, as that term is defined in 18 U.S.C. § 1951(b)(1), that is, by knowingly and unlawfully taking and obtaining personal property consisting of United States currency from the person and in the presence of

another, that is, an employee of the Shell gas station located at 6901 Hillsborough Avenue, Tampa, Florida, against the employee's will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employee's person and to the person of anyone in the employee's company at the time of the taking and obtaining.

In violation of 18 U.S.C. § 1951(a) and (b) and 18 U.S.C. § 2.

**COUNT FIVE**
**(Brandishing a Firearm During a Crime of Violence)**

On or about August 5, 2024, in the Middle District of Florida, the defendants,

ANDRES CORREA
and
CASSANDRA KERR,

did knowingly use and carry and brandish a firearm during and in relation to a crime of violence for which the defendants may be prosecuted in a Court of the United States, specifically, interference with commerce by robbery in violation of 18 U.S.C. § 1951, as alleged in Count Four above.

In violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 18 U.S.C. § 2.

**COUNT SIX**
**(Hobbs Act Robbery)**

On or about August 7, 2025, in the Middle District of Florida, the defendants,

ANDRES CORREA
and
CASSANDRA KERR,

did knowingly, in any way and degree, obstruct, delay, and affect commerce as that

term is defined in 18 U.S.C. § 1951(b)(3), and the movement of any article and commodity in such commerce, by robbery, as that term is defined in 18 U.S.C. § 1951(b)(1), that is, by knowingly and unlawfully taking and obtaining personal property consisting of United States currency from the person and in the presence of another, that is, an employee of the Save Food Mart located at 4801 Clewis Avenue, Tampa, Florida, against the employee's will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employee's person and to the person of anyone in the employee's company at the time of the taking and obtaining.

In violation of 18 U.S.C. § 1951(a) and (b) and 18 U.S.C. § 2.

**COUNT SEVEN**
**(Brandishing a Firearm During a Crime of Violence)**

On or about August 7, 2024, in the Middle District of Florida, the defendants,

ANDRES CORREA
and
CASSANDRA KERR,

did knowingly use and carry and brandish a firearm during and in relation to a crime of violence for which the defendant may be prosecuted in a Court of the United States, specifically, interference with commerce by robbery in violation of 18 U.S.C. § 1951, as alleged in Count Six above.

In violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 18 U.S.C. § 2.

**COUNT EIGHT**
**(Hobbs Act Robbery)**

On or about August 19, 2025, in the Middle District of Florida, the defendants,

ANDRES CORREA,

did knowingly, in any way and degree, obstruct, delay, and affect commerce as that term is defined in 18 U.S.C. § 1951(b)(3), and the movement of any article and commodity in such commerce, by robbery, as that term is defined in 18 U.S.C. § 1951(b)(1), that is, by knowingly and unlawfully taking and obtaining personal property consisting of United States currency from the person and in the presence of another, that is, an employee of the Cloud House Smoke Shop located at 1214 W. Dr. Martin Luther King Blvd in Seffner, Florida, against the employee's will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employee's person and to the person of anyone in the employee's company at the time of the taking and obtaining.

In violation of 18 U.S.C. § 1951(a) and (b) and 18 U.S.C. § 2.

**COUNT NINE**
**(Brandishing a Firearm During a Crime of Violence)**

On or about August 19, 2024, in the Middle District of Florida, the defendants,

ANDRES CORREA,

did knowingly use and carry and brandish a firearm during and in relation to a crime of violence for which the defendant may be prosecuted in a Court of the United

States, specifically, interference with commerce by robbery in violation of 18 U.S.C. § 1951, as alleged in Count Eight above.

In violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 18 U.S.C. § 2.

**COUNT TEN**
**(Felon in Possession of a Firearm)**

On or about August 26, ~~2023,~~ 2025 in the Middle District of Florida, the defendant,

ANDRES CORREA,

knowing that he had been previously convicted in any court of a crime punishable by imprisonment for a term exceeding one year, including the following offense;

1. Robbery (Firearm Less than $300) on or about April 19, 2004;

did knowingly possess, in and affecting interstate and foreign commerce, a firearm and ammunition, to wit: a Sig Sauer P229 9mm semi-automatic pistol and multiple rounds of 9mm ammunition.

All in violation of 18 U.S.C. §§ 922(g) and 924(a)(8).

**FORFEITURE**

1. The allegations contained in Counts One through Eight are incorporated by reference for the purpose of alleging forfeiture, pursuant to provisions of 18 U.S.C. §§ 924(d) and 981(a)(1)(C), and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. § 1951, the defendants,

ANDRES CORREA
&
CASSANDRA KERR,

shall forfeit to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C),

and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation, and, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), any firearm or ammunition involved in or used in the offense.

3. Upon conviction of a violation of 18 U.S.C. § 924, the defendants,

ANDRES CORREA
&
CASSANDRA KERR,

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), any firearm or ammunition involved in or used in the offense.

4. Upon conviction of a violation of 18 U.S.C. § 922(g), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all firearms involved in or used in the violation

5. The property to be forfeited includes, but is not limited to, an order of forfeiture in the amount of proceeds obtained from the offenses and a Sig Sauer P229 9mm semi-automatic pistol and multiple rounds of 9mm ammunition

6. If any of the property described above, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

[redacted]

Foreperson

GREGORY W. KEHOE
United States Attorney

By: ______________________________
Samantha J. Newman
Assistant United States Attorney

By: ______________________________
James C. Preston, Jr.
Assistant United States Attorney
Chief, Violent Crimes and
Racketeering Section

FORM OBD-34
September 25

No.

UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

ANDRES CORREA,
CASSANDRA KERR

INDICTMENT

Violations: 18 U.S.C. § 1951, 18 U.S.C. § 924(c),
18 U.S.C. § 922(g)

A true bill,

[redacted]

Foreperson

Filed in open court this 18th day

of September, 2025.

Clerk

Bail $______________________